**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **LASCO FOODS, INC.,** | |
| **Plaintiff,** | |
| **vs.** | **CASE NO.:** |
| **HALL AND SHAW SALES, MARKETING & CONSULTING LLC, CHARLES R. SHAW, AND RONALD N. HALL,** | |
| **Defendants.** | |

**VERIFIED COMPLAINT FOR TEMPORARY,**
**PRELIMINARY AND PERMANENT INJUNCTION AND DAMAGES**

Comes now Plaintiff, Lasco Foods, Inc. ("Lasco"), by and through its undersigned counsel, and for its causes of action states as follows:

**PARTIES**

1.     Lasco is a Missouri corporation with its principal place of business in the City of St. Louis, Missouri.

2.     Defendant Ronald N. Hall ("Hall") is a resident of Weatherford, Texas.

3.     Defendant Charles R. Shaw ("Shaw") is a resident of St. Charles County, Missouri.

4.     Defendant Hall and Shaw Sales, Marketing & Consulting LLC ("HSSMC") is a Missouri Limited Liability Company and Shaw serves as its Missouri Registered Agent.

**JURISDICTION AND VENUE**

5.     The Court has federal question jurisdiction over Counts II of this Complaint, which is a claim under the Stored Wire and Electronic Communications and Transactional Records Access Act ("SECTRA"), 18 U.S.C. § 2701 *et seq*.

6.     This Court has supplemental jurisdiction over the remaining Counts contained in this Complaint.

7.     Venue is appropriate in this Court inasmuch as the Plaintiff and Defendants Shaw and HSSMC reside or otherwise can be found within the District and upon information and belief the subject matter leading to the formation of HSSMC, a Missouri Limited Liability Company, was engaged in by Defendants Hall and Shaw within this District.

## ALLEGATIONS COMMON TO ALL COUNTS[1]

**A.     LASCO FOODS**

8.     Lasco is a manufacturer of high quality food products, including beverage mixes, cocktail mixes, desserts, gravy and sauce mixes, soup bases, seasonings and salad dressings. These products are sold to restaurants and other food service companies.

9.     Lasco sells its food products through its own sales force, as well as through food brokers located throughout the Untied States.

10.    Lasco has expended considerable time, resources and expense to develop and market its products, to develop substantial relationships and goodwill with its customers, suppliers, prospective customers, and brokers, and to develop its goodwill and name.

11.    Lasco considers certain confidential customer, production and business information to be trade secrets (hereinafter "Trade Secret Information").  This Trade Secret Information includes but is not limited to certain reports (which contain specific information regarding customers), customer lists, prospect lists, pricing information, customer preferences, costs and processes, proprietary vendors, profit margins, proprietary processes, and formulae.

---

[1] The factual allegations contained in this Verified Petition are supported by the Declaration of Maureen Wegner, Lasco's Vice President, Finance, which is attached hereto as Exhibit A.

12.   The Trade Secret Information is not generally known to the public nor readily ascertainable by proper means.

13.   The Trade Secret Information, including the confidential customer information contained in the reports was developed at considerable cost and expense over a period of years. It would require, at a minimum, a number of years, and considerable time and expense, to recreate even a portion of this Trade Secret Information through lawful means.  The possession and/or use of such information would give Lasco's competitors an unfair economic advantage in developing, marketing and selling their products.

14.   Lasco used, and continues to use, reasonable and diligent efforts to maintain the secrecy and protect its Trade Secret Information.  These efforts include but are not limited to prohibiting access to the information by the general public, adopting employment policies, including confidentiality, return of property, and electronic media policies, to protect the confidentiality of the Trade Secret Information.  To the extent Lasco provides certain customer information to its brokers, it requires that they enter into confidentiality agreements. In addition, Lasco maintains extensive security at its facility located at 4553 Gustine, St. Louis, Missouri, 63116, including requiring the use of keys and an alarm code to enter the building during non-business hours, requiring employees to keep highly confidential and proprietary information locked in their desks or filing cabinets, and requiring employees to use a password to enter Lasco's computer network.

15.   The Trade Secret Information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

16.     By reason of the above, the Trade Secret Information and/or portions thereof, constitute trade secrets within the meaning of the Missouri Uniform Trade Secrets Act.

**B.      DEFENDANT SHAW'S EMPLOYMENT WITH LASCO**

17.     Defendant Shaw began his employment with Lasco in or around January 1989.

18.     During his employment with Lasco, Defendant Shaw held numerous sales related positions, including National and Regional Sales Manager.  At the time of his resignation, Defendant Shaw had responsibility for sales in Missouri, Illinois, Wisconsin, Nebraska, and Iowa.

19.     In his capacity as a Sales Manager, Defendant Shaw had direct, continuous, and extensive access to, and acquired considerable knowledge concerning, Lasco's Trade Secret Information.

20.     In his capacity as a Sales Manager, Defendant Shaw became well acquainted with Lasco's customers and clients and with their needs and future plans as well as with all secret methods and processes used by Lasco in the conduct of its business. Moreover, Defendant Shaw acquired personal knowledge of, and acquaintance and friendship with, Lasco's customers to such an extent as to place the goodwill of Lasco and the retention of its customers in a large measure within the custody of Defendant Shaw. In furtherance of this, Lasco invested substantial sums of money to train Defendant Shaw in order to facilitate Defendant becoming more effective in his job duties and responsibilities as a Sales Manager, which enhanced Defendant Shaw's standing and goodwill with Lasco's customers and clients which in turn benefited Lasco's business.

21.     With this access, Defendant Shaw became well acquainted with Lasco's customers and clients and with their needs and future plans as well as with all secret methods and

processes used by Lasco in the conduct of its business. Moreover, Defendant Shaw acquired personal knowledge of Lasco's customers to such an extent as to place the goodwill of Lasco and the retention of its customers in a large measure within the custody of Defendant.

22.     Defendant Shaw was informed and aware that the Trade Secret Information was confidential and proprietary trade secret information.

23.     During the term of his employment, Defendant Shaw was aware of valid business expectancies and contracts between Lasco and its clients and customers.

24.     On August 11, 2008, Defendant Shaw voluntarily resigned his employment with Lasco.  Defendant Shaw's last day of employment with Lasco was on August 22, 2008.

25.     On August 19, 2008, Lasco demanded, in writing via hand-delivery, that Defendant Shaw honor his post-employment legal obligations to Lasco. Lasco further demanded that Defendant protect the sanctity of Lasco's confidential and proprietary information. (*See,* Exhibit B, attached hereto.)

26.     On August 20, 2008, Defendant Shaw sought clarification of his post-employment legal obligations. (*See,* Exhibit C, attached hereto.)

27.     On August 21, 2008, Lasco provided Defendant Shaw with an additional hand-delivered letter reiterating Defendant Shaw's post-employment legal obligations under Missouri Law owed by Defendant Shaw to Lasco. (*See,* Exhibit D, attached hereto.)

28.     In addition, Lasco demanded the Defendant Shaw return to Lasco all electronic and hard copy information in his possession belonging to Lasco.   Prior to returning Lasco's computer, Defendant Shaw deleted confidential and trade secret information from Lasco's computer.

29.     Upon information and belief, Defendant Shaw unlawfully copied or otherwise downloaded Lasco's Trade Secret Information for his own personal use and for the use of HSSMC prior to his departure from Lasco and prior to deleting the Trade Secret Information from his Lasco computer and returning the computer to Lasco.

## C.     DEFENDANT HALL'S EMPLOYMENT WITH LASCO

30.     Defendant Hall began his employment with Lasco in or around November 1977.

31.     During his employment with Lasco, Defendant Hall held numerous sales related positions, including Regional Sales Manager.  At the time of his resignation, Defendant Hall had responsibility for sales in Texas, Louisiana, Mississippi, and Oklahoma.

32.     In his capacity as a Sales Manager, Defendant Hall had direct, continuous, and extensive access to, and acquired considerable knowledge concerning, Lasco's Trade Secret Information.

33.     In his capacity as a Sales Manager, Defendant Hall became well acquainted with Lasco's customers and clients and with their needs and future plans as well as with all secret methods and processes used by Lasco in the conduct of its business. Moreover, Defendant Hall acquired personal knowledge of, and acquaintance and friendship with, Lasco's customers to such an extent as to place the goodwill of Lasco and the retention of its customers in a large measure within the custody of Defendant Hall. In furtherance of this, Lasco invested substantial sums of money to train Defendant Hall in order to facilitate Defendant becoming more effective in his job duties and responsibilities as a Sales Manager, which enhanced Defendant Hall's standing and goodwill with Lasco's customers and clients which in turn benefited Lasco's business.

34.     With this access, Defendant Hall became well acquainted with Lasco's customers and clients and with their needs and future plans as well as with all secret methods and processes used by Lasco in the conduct of its business. Moreover, Defendant Hall acquired personal knowledge of Lasco's customers to such an extent as to place the goodwill of Lasco and the retention of its customers in a large measure within the custody of Defendant.

35.     Defendant Hall was informed and aware that the Trade Secret Information was confidential and proprietary trade secret information.

36.     During the term of his employment, Defendant Hall was aware of valid business expectancies and contracts between Lasco and its clients and customers.

37.     Defendant Hall voluntarily and abruptly resigned his employment with Lasco on September 22, 2008.  He last worked for Lasco on September 19, 2008.

38.     Following his termination, Lasco sent Defendant Hall a letter reminding him of his obligations not to use or disclose Lasco's Trade Secret Information.  A copy of that letter is attached hereto as Exhibit E.

39.     In addition, Lasco demanded the Defendant Hall return to Lasco all electronic and hard copy information in his possession belonging to Lasco.  Although Defendant Hall returned Lasco's computer, to date Defendant Hall has failed to comply with Lasco's demand for the return of its other electronic or hard copy property.

40.     In addition, as of the date of the preparation of this Complaint, Defendant Hall is still holding himself out as a Lasco employee on his home office voice mail on which he states: "Hi, it's Ron Hall with Lasco products. Sorry I missed your phone call; if you leave a quick message I'll get right back to ya as soon as possible. Or, you may try my cell phone. That

number is 817-629-6283. Thank you very much, look forward to talking to you, have a great day."

**D.    DEFENDANT HALL AND SHAW CONSPIRE TO MISAPPROPRIATE LASCO'S TRADE SECRETS**

41.    In or around the first week of September 2008, while Defendant Hall was still employed by Lasco, he attempted, through deception, to obtain reports from one of Lasco's Brokers.  Specifically, Defendant Hall requested a copy of the reports from the Broker and provided a false explanation as to why he needed such reports.

42.    Upon information and belief, in or around the last week of August 2008, while Defendant Hall was still employed by Lasco, he and Defendant Shaw formed HSSMC.

43.    Upon information and belief, HSSMC competes directly with Lasco and its brokers.  Further, upon information and belief, Defendants Hall and Shaw are presently performing the same or similar duties working for HSSMC as they performed while working for Lasco and they are using Lasco's Trade Secret Information in furtherance of their duties at HSSMC.

44.    In or around September 2008, after Defendant Hall resigned from Lasco and, upon information and belief, began working for HSSMC, he again attempted, through deception, to obtain reports from one of Lasco's Brokers.  Specifically, Defendant Hall attempted twice to obtain copies of the reports from the Broker, again providing false explanations as to why he needed such reports.

**COUNT I**

**MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE MISSOURI UNIFORM TRADE SECRETS ACT, MO. REV. STAT. §417.450, *ET SEQ*.**

45.     Lasco incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-44 above.

46.     Lasco's Trade Secret Information constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act, MO. REV. STAT. §§ 417.450 – 417-467, in that it constitutes information, including but not limited to, technical or nontechnical data, a formula, patters, compilation, program, device, method, technique, or process, that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use and it has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Specifically, Lasco's confidential customer lists, prospect lists, pricing information, customer preferences, costs, formulae, and processes and other confidential business information constitute trade secrets within the meaning of MO. REV. STAT. §417.453(4).

47.     Any misappropriation or improper use of Lasco's Confidential Information constitutes violations of the Missouri Trade Secrets Act, MO. REV. STAT. § 417.050 *et seq.*

48.     Defendants Hall and Shaw are prohibited by MO. REV. STAT. §417.453(4) from using or disclosing Lasco's confidential and proprietary information and trade secrets outside the course and scope of their employment with Lasco.

49.     Defendants Hall and Shaw have attempted to acquire Lasco's Trade Secret Information through improper means and, upon information and belief, have used and/or acquired Lasco's Trade Secret Information through improper means.

50.     The violations of the Missouri Trade Secrets Act described in this Complaint are actual and continuous and may result on Defendants' unjust enrichment and will cause, and

continue to cause, lost business, lost profits and other serious irreparable harm and injury to Lasco, its business operations, relationships, and goodwill. Such actual or threatened misappropriation must be enjoined pursuant to MO. REV. STAT. §§ 417.050 and 417.055.

51.     Lasco is entitled to damages, including the actual losses caused by the misappropriation and the unjust enrichment caused by the misappropriation.

52.     By reason of the foregoing, Lasco has been damaged in an amount which cannot be determined with certainty at this time, and has suffered, and continues to suffer, irreparable harm and injury.

53.     Unless permanently enjoined, Defendants will persist, to Lasco's continuing harm, in the above-described unlawful behavior, for the redress of which Lasco has no adequate remedy at law.

54.     The harm which Lasco may suffer if Defendants are not restrained as requested herein far outweighs the harm Defendants would suffer from the entry of injunctive relief.

55.     Through the factual allegations contained herein, Lasco has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendants.

WHEREFORE, Plaintiff, Lasco prays for judgment in its favor and against Defendants Hall, Shaw, and HSSMC under Count I of Plaintiff's Complaint as follows:

A.     Defendants be temporarily, preliminarily, and permanently enjoined and restrained as follows:

i.     That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Lasco's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, **customer names and other**

**information related to customers,** price lists, pricing policies and financial information, as well as any information described above which Lasco treats as proprietary or confidential information.

ii.     That Defendant shall return to Lasco all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Lasco' clients, that Defendant obtained, learned, created, or was made aware of during his employment with Lasco.

iii.    That Defendants are prohibited from using, relying upon, or disclosing to HSSMC or any affiliate or any other person or legal entity any Trade Secret Information or confidential information of Lasco acquired by Defendants Hall or Shaw in the course of or arising out of their employment by Lasco.

iv.     For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

v.      For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Lasco's Trade Secret Information.

vi.     For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

vii.    For an Order requiring Defendants to immediately return all Lasco information currently in their possession, whether in electronic or hard copy form.

B.      Defendants be required to return to Lasco all originals and all copies of documents (electronic or otherwise) that are confidential trade secret information, including trade secrets documents concerning Lasco's clients and formulae, that Defendants obtained, learned, created, or were made aware of during their employment with Lasco;

C.      For monetary damages in an amount equal to the loss sustained by Lasco as a result of Defendants' misappropriation and wrongful use or disclosure of Lasco's trade secrets, according to proof at trial, including lost profits to Lasco;

D.      For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Lasco's rights and interests in Lasco's trade secrets to the extend Defendants engaged in any willful or reckless conduct; and

E.      For further relief the Court deems just and reasonable.

## COUNT II

### VIOLATIONS OF STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS ACT ("SECTRA"), 18 U.S.C. § 2701 *ET SEQ.*

56.     Lasco incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-55 above.

57.     Prior to their departure from Lasco, Defendants Hall and Shaw intentionally exceeded their authorization to access Lasco's electronic communications service and obtained access to electronic communications while those communications were in storage.

58.     Defendants Hall and Shaw's actions were in violation of SECTRA.

WHEREFORE, Plaintiff, Lasco prays for judgment in its favor and against Defendants Hall and Shaw, under Count II of Plaintiff's Complaint as follows:

A.      Enter a temporary, preliminary, and permanent injunction requiring Defendants to return all and not retain any copies of information they unlawfully obtained from Lasco;

B.      Award damages in an amount to be determined at trial;

C.      Award attorneys' fees and costs incurred by Lasco in pursuit of this litigation;

D.      For further relief the Court deems just and reasonable.

## COUNT III

### UNFAIR COMPETITION

59.     Plaintiff incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-59 above.

60.     Defendant Hall and Shaw have a common law duty of loyalty to Lasco to safeguard their confidential information during and after their employment.

61.     In their capacity as a Sales Managers for Lasco, Defendants Hall and Shaw had common law duties to refrain from competing with Lasco during their employment.

62.     Defendants Hall and Shaw breached the above duties by using confidential trade secret information acquired during and after their employment to solicit the customers they serviced while employed by Lasco.

63.     Defendant Hall breached the above duties by engaging in business in competition with Lasco while still employed by Lasco.

64.     Defendants Hall and Shaw's breach of their duties and unfair competition through their misappropriation of Lasco's Trade Secret Information has caused Lasco to suffer damages in an amount to be determined at trial and for which Lasco now sues.

65.     Based on information and belief, Defendants have continued their misappropriation of Lasco's proprietary and confidential trade secrets to obtain an unfair competitive advantage.

WHEREFORE, Plaintiff, Lasco, prays for judgment in its favor and against Defendants Hall & Shaw, under Count III of Plaintiff's Complaint for compensatory damages in an amount fair and reasonable, punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and reasonable.

### COUNT IV

### VIOLATION OF THE MISSOURI STATUTE AGAINST TAMPERING WITH COMPUTER DATA AND EQUIPMENT, R.S.MO. § 537.525, AND THE MISSOURI STATUTE AGAINST TAMPERING WITH COMPUTER EQUIPMENT, R.S.MO. § 569.097.

66.     Lasco incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-65 above.

67.     Defendants Hall and Shaw removed from Lasco's computer system confidential and proprietary and trade secret information in violation of MO. REV. STAT. § 537.525.

68.     Defendants Hall and Shaw violated MO. REV. STAT. § 537.525 when they tampered with computer data and equipment belonging to the Lasco, knowing they were without authorization to do so or knowing they were exceeding their authorization to use the computer data and equipment, and having no reasonable grounds upon which to believe that they were so authorized.

69.     As a consequence and proximate result of Defendants Hall and Shaw's tampering with Lasco's computer system, Lasco has suffered and will continue to suffer pecuniary loss in the form of actual damages.

70.     That, pursuant to MO. REV. STAT. § 537.525, Lasco (as the owner of the computer system, network, programs, and data) has the right to bring a civil action against any and all persons who knowingly and without authorization, or without reasonable grounds to believe that he or she has such authorization, tampers with computer data, for:

A.     Compensatory damages, including any expenditures reasonably and necessarily incurred by the Plaintiff to verify that the computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the wrongful access; and

B.     Reasonable attorney's fees.

WHEREFORE, Plaintiff, Lasco, prays for judgment in its favor and against Defendants Hall and Shaw, under Count IV of Plaintiff's Complaint for compensatory damages in an amount fair and reasonable, and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and reasonable.

## COUNT V

## CONVERSION

71.     Lasco incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-70 above.

72.     After August 2008 and at other times unknown to Lasco, Defendants assumed the right of ownership over personal property of Lasco including, but not limited to, those acts listed in the Allegations Common to All Counts herein.

73.     The assumption by Defendants of right of ownership over the personal property as listed above was without authorization by Lasco and Defendants have continued to exercise ownership of said property even though Lasco has made a demand for return of said property and Defendants' have been under an obligation to return said property.

WHEREFORE, Plaintiff, Lasco, prays for judgment in its favor and against Defendants, under Count V of Plaintiff's Complaint for compensatory damages in an amount fair and reasonable, punitive damages, and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and reasonable.

## COUNT VI

### TORTIOUS INTERFERENCE WITH
### PLAINTIFF'S CONTRACTS AND/OR BUSINESS EXPECTANCIES

74.     Plaintiff incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-73 above.

75.     Plaintiff has contracts and/or valid business relationships or expectancies with its customers.

76.     Defendants knew of Plaintiff's contracts or relationships with Plaintiff's customers.

77.   Defendants intentionally interfered with said contracts, relationships and/or expectancies in a manner which induced a breach of said contracts and/or relationships.

78.   Defendants' solicitation of Lasco's customers, disruption and discouragement of Lasco's customers' ongoing business relationships with Lasco undertaken during the course of Defendants Hall and Shaw's employment by Lasco, interfered with Lasco's legitimate business expectancies.

79.   Defendants intentionally interfered as alleged above, without justification or excuse, in that they were motivated by the improper motive to harm Plaintiff and further used wrongful means.

80.   Defendants' tortious interference with Plaintiff's contracts, valid business relationships and/or expectancies has caused Lasco to suffer damages in an amount to be determined at trial and for which Lasco now sues.

WHEREFORE, Plaintiff, Lasco, prays for judgment in its favor and against Defendants, under Count VI of Plaintiff's Complaint for compensatory damages in an amount fair and reasonable, punitive damages, and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and reasonable.

## COUNT VII

## CIVIL CONSPIRACY

81.   Plaintiff incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-80 above.

82.   Defendants conspired with one another to misappropriate Lasco's trade secrets, goodwill, and to compete unfairly against Lasco in violation of Hall and Shaw's legal obligations to Lasco.

83.     Defendants committed numerous overt acts in furtherance of the conspiracy including, but not limited to unlawfully retaining Lasco's trade secret information after their employment with Lasco despite Lasco's demand for the return of such property; attempting to or actually obtaining Lasco's trade secret information for use on behalf of HSSMCC; copying or otherwise destroying Lasco's electronically stored information; as well as other overt acts.

84.     As a direct result of the foregoing conduct, undertaken by Defendants, Defendants have caused and continue to cause damages to Lasco, including but not limited to attorneys' fees and costs expended that will be expended in the future by Lasco to enforce its legal rights.

85.     Defendants' conspiracy was willful and malicious and performed with an evil motive and with reckless indifference to the rights of others, entitling Lasco to punitive damages.

WHEREFORE, Plaintiff, Lasco prays for judgment in its favor and against Defendants under Count VII of Plaintiff's Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

## COUNT VIII

## BREACH OF DUTY OF LOYALTY TO LASCO

86.     Plaintiff incorporates by reference as if fully restated herein its allegations contained in Paragraphs 1-85 above.

87.     During the term of his employment with Plaintiff, Defendant Hall owed Plaintiff a duty of loyalty.

88.     During the term of his employment with Plaintiff, Defendant Hall acted contrary to Plaintiff's interests.

89.     During the term of his employment with Plaintiff, Defendant Hall acted in direct competition with Plaintiff.

90.     Defendant Hall's breach of his duty of loyalty to Lasco has caused Lasco to suffer damages in an amount to be determined at trial and for which Lasco now sues.

WHEREFORE, Plaintiff, Lasco prays for judgment in its favor and against Defendants under Count VIII of Plaintiff's Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Lasco prays for relief as follows under Counts I through VIII of its Complaint:

A.      Enter a Temporary, Preliminary, and Permanent Injunction on the final trial of this cause enjoining Defendants, according to the terms set forth in Count I of Plaintiff's Complaint (and its corresponding sub-paragraphs) as well as permanently enjoin Defendants from further violating their legal obligations.

B.      Order Defendants to return to all proprietary, confidential, and trade secret information belonging to Plaintiff.

C.      Defendants' wrongful conduct is willful, wanton, malicious, and done with the intent of causing injury to Lasco and, accordingly, Lasco is entitled to exemplary damages and/or punitive damages from Defendant.

D.      As a result of the conduct described herein, Plaintiff has been required to retain the services of the undersigned attorneys to bring the present action and has agreed to pay them a reasonable attorneys' fee for their services.  Plaintiff also seeks judgment against Defendants for its reasonable and necessary attorneys' fees incurred in connection with this lawsuit.

E.      Enter judgment against Defendants along with an assessment against Defendants of (i) actual damages, (ii) punitive damages, (iii) prejudgment and post-judgment interest as provided by law, (iv) attorneys' fees, costs, and expenses, (v) exemplary damages, and (vi) court costs and other taxable expenses allowed by law.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:  /s/ Burton D. Garland, Jr.
    Burton D. Garland, Jr.    MBE # 82115
    Rodney A. Harrison    MBE # 83160
    7700 Bonhomme Ave, Suite 650
    St. Louis, Missouri 63105
    (314) 802-3953 *telephone*
    (314) 802-3936 *facsimile*

    Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on Friday, October 31, 2008, served a true and correct copy of the foregoing via process server, at the following addresses:

Ronald N. Hall
120 La Colinda N
Weatherford, TX 76086-8802

Charles R. Shaw
57 Silas Court
St. Charles, Missouri  63304

Hall and Shaw Sales, Marketing & Consulting LLC
c/o Charles R. Shaw—Registered Agent
57 Silas Court
St. Charles, Missouri  63304


/s/ Burton D. Garland, Jr._____


6763985.4 (OGLETREE)