UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LASCO FOODS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | 4:08cv01683 JCH |
| vs. | ) | |
| | ) | |
| HALL AND SHAW SALES, | ) | |
| MARKETING & CONSULTING LLC, | ) | |
| CHARLES R. SHAW, AND RONALD N. | ) | |
| HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaims ("Motion"). (Doc. No. 40). This matter is fully briefed and ready for disposition.

# BACKGROUND

Plaintiff, Lasco Foods, Inc. ("Lasco") manufacturers high quality food products. (Second Amended Verified Complaint for Temporary, Preliminary and Permanent Injunction and Damages ("Complaint" or "Compl."), Doc. No. 26, ¶ 8).[1] Defendants Charles Shaw and Ronald Hall were employed by Plaintiff until August 22 and September 19, 2009, respectively. (Compl., ¶¶ 25, 44). Together, Defendants Shaw and Hall formed Hall and Shaw Sales, Marketing & Consulting LLC ("HSSMC"). (Compl., ¶ 48).

Plaintiff has filed a nine-count Amended Complaint, alleging that Defendants failed to comply

---

[1]Since filing the Second Amended Complaint, Plaintiff filed a Third Amended Complaint (Doc. No. 49), which alleges similar causes of action but includes additional facts. Because the Second Amended Verified Complaint for Temporary, Preliminary and Permanent Injunction and Damages was the operative Complaint at the time of the filing of Defendants' Counterclaim, the references in this Order are to Document 26.

with their post-employment legal obligations under Missouri Law. (Compl., ¶¶ 28-35, 43-47). In particular, Plaintiff alleges that Defendants have unlawfully obtained and used Plaintiff's trade secret information, which contains confidential customer, production, and business information. (Compl., ¶¶ 11, 33, 35, 52).

Defendants have filed a counterclaim, alleging a claim for abuse of process ("Counterclaim"). (Doc. No. 32).[2] Plaintiff has moved to dismiss these claims, asserting the Defendants have failed to state a claim. (Motion, p. 2).

## STANDARD OF REVIEW

This Court, considering Plaintiff's motion to dismiss, "must accept the allegations contained in the [counter]complaint as true" and must draw "all reasonable inferences from the [counter]complaint...in favor of the nonmoving party." Breedlove v. Earthgrains Baking Co., 140 F.3d 797, 798-99 (8th Cir. 1998). "The issue is not whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232 (1974). However, Defendants, in their counterclaim, must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the Defendants' factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citation omitted).

## DISCUSSION

To state a claim for abuse of process, Defendants adequately must allege three elements: 1)

---

[2]Defendants also included a claim for tortious interference with contract or business relations, but consented to the dismissal of the tortious interference claim in their Suggestions in Opposition to Plaintiff's Motion to Dismiss Defendants' Counterclaim ("Response"), filed on March 18, 2009. (Doc. No. 43).

the Plaintiff "made an improper, illegal, perverted use of process, which use was neither warranted nor authorized by the process;" 2) the Plaintiff had "an illegal purpose is doing so;" and 3) the Defendants suffered damage as a result. Crow v. Crawford & Co., 259 S.W.3d 104, 116 (Mo. Ct. App. 2008). Process is abused where a claimant commits "some definite, willful act, not authorized by the process, or aimed at an objective not legitimate in the proper use of such process." Crow, 259 S.W.3d at 116. In assessing abuse of process claims, Missouri courts consider "whether the process has been used to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he could not be compelled legally to do." Duvall v. Lawrence, 86 S.W.3d 74, 85 (Mo. Ct. App. 2002). Alternatively stated, "the privilege of process may not be used for an unlawful purpose such as using the litigation to extort money or anything of value from another. Owen v. Owen, 642 S.W.2d 410, 414 (Mo. Ct. App. 1982). However, a plaintiff is not liable if he has "done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive might be." Crow, 259 S.W.3d at 117. In other words, the mere fact that a plaintiff may have had an ulterior motive in bringing a suit is not sufficient to show abuse of process. See id.

Here, Defendants allege that Plaintiff "maliciously, willfully, wantonly, and/or with reckless disregard for [Defendants' rights]" commenced and continues this litigation for three purposes: 1) to harass and annoy Defendants; 2) to force Defendants to spend large amounts of money and time defending against the action; and 3) to "impose post-employment restrictive obligations upon them with regard to Plaintiff's customers which otherwise do no exist." (Counterclaim, ¶¶ 9, 12). In assessing whether Defendants have adequately stated a claim for abuse of process, the Court must determine whether these alleged ends are "unlawful" or are "some collateral thing which [Defendants] could not be compelled legally to do." See Duvall, 86 S.W.3d at 85. If these ends are neither unlawful nor collateral, then it does not matter whether they were Plaintiff's true reasons for bringing

suit.

Addressing Defendants' first and second allegations,[3] this Court finds that neither of these ends is unlawful or collateral to the present litigation. Indeed, perceived harassment, annoyance, and the need to spend large amounts of money are unfortunate by-products of litigation. The simple act of a filing a lawsuit, however, is not unlawful, even if the lawsuit is filed for such reasons. See Crow, 259 S.W.3d at 117 (finding that abuse of process cannot be inferred from a plaintiff's motive for filing a lawsuit). The facts at issue here are similar to those in Fed. Pharmacal Supply, Inc. v Murry, 352 F.Supp. 278, 279 (W.D. Mo. 1972). In Federal Pharmacal Supply, defendants filed a counterclaim, alleging that plaintiffs filed the action for copyright infringement for three illegal and abusive purposes: to harass the defendants, to force defendants to spend a lot of money to defend the suit, and to prevent defendants from selling or distributing any of the alleged infringing novelty joke cards. Id. at 279. The court found that these allegations "do not make out a cause of action for abuse of process under Missouri law." Id. Here, Defendants make very similar allegations and their allegations similarly fail to state a claim for abuse of process under Missouri law.

Defendants also claim that Plaintiff had an unlawful ulterior motive in bringing this suit. Defendants claim that Plaintiff wants to force Defendants to submit to a post-employment restrictive covenant that would not otherwise exist, or that Plaintiff could not legally compel Defendants to enter.

Plaintiff argues that it does not seek, among the relief requested, the imposition of a restrictive covenant on Defendants. (Memorandum in Support of Plaintiff's Motion to Dismiss Defendants' Counterclaims ("Memorandum in Support"), Doc. No. 41, p. 5). Furthermore, Plaintiff asserts that

---

[3]Defendants appear to have abandoned their first and second bases for an abuse of process claim because they are not briefed in their Response.

such a purpose would not be unlawful, even had Plaintiff requested it, because the Court could apply the doctrine of inevitable disclosure and could order a covenant not to compete on Defendants even if they did not sign such an agreement. (Id., p. 5); see Conseco Fin. Servicing Corp. v. N. Am. Mortgage Co., No. 00-cv-1776, 2000 WL 33739340, at *12 (E.D. Mo. Dec. 6, 2006). Under the doctrine of inevitable disclosure, a court may impose a covenant not to compete upon the former employee where the court finds that the employee had access to a legitimate trade secret, the employee would inevitably disclose that trade secret in the performance of his new job, and the disclosure of the trade secret would cause irreparable harm to the former employer. PepsiCo, Inc. v. Redmond, 54 F.3d 1262, 1267-71 (7th Cir. 1995); see also Interbake Foods, L.L.C. v. Tomasiello, 461 F. Supp. 2d 943, 970 (N.D. Iowa 2006) (the inevitable disclosure doctrine "is essentially a theory of relief for claims of misappropriation of trade secrets when an employee's new employment will 'inevitably' lead him or her to rely on his former employer's trade secrets").

In response, Defendants counter that no Missouri court has adopted the doctrine of inevitable disclosure. (Doc. No. 43, p. 5 n.2). While the Seventh Circuit has adopted this doctrine, in PepsiCo, Inc. v. Redmond, 54 F.3d 1262 (7th Cir. 1995), the Eighth Circuit has yet to do so. See Conseco, 2000 WL 33739340, at *12 (recognizing that the Seventh Circuit has adopted the doctrine of inevitable disclosure, but declining to do the same in the absence of controlling Eighth Circuit authority).

The Court, however, need not decide the issue of whether the doctrine of inevitable disclosure is viable in Missouri courts. As stated, Plaintiff has not asked for a restrictive covenant in its prayer for relief or in any other pleading. (Memorandum in Support, p. 5). In response, Defendants argues that this is a red herring and that "parties often include matters in settlement agreements which are not included within their prayers for relief." (Response, p. 4, n. 1). Defendants assert that, under

Plaintiff's theory, a counterclaim for abuse of process would be precluded unless the illegal motive were included in the request for relief. Id. Specifically, Defendants assert that the counterclaim in Owen v. Owen, 642 S.W.2d 410 (Mo. Ct. App. 1982) would be precluded under Plaintiff's theory.

In Owen, a wife brought a counterclaim against her ex-husband's brother for abuse of process. Id. at 412. The wife claimed that her ex-husband's brother brought an action for a constructive trust and for past-due rents against her for the ulterior motive of extorting money from the wife and to assist his brother in their dissolution action. Id. at 412-13. At trial, the wife presented evidence that her ex-husband's brother offered to drop his lawsuit if the wife agreed to settle the dissolution matter in favor of her ex-husband. Id. at 414. The jury awarded the wife damages on her counterclaim for abuse of process. Id. at 413.

The Court finds the Owens case distinguishable from the present action. In Owens, the wife had evidence to support her claim that her ex-husband's brother brought the action for an illegal, ulterior motive. While "a party's true surreptitious intent is often times not reflected within the four corners of its pleadings" (Response, pp. 4-5, n.1), Defendants have presented nothing but basic conjecture to support their claim that Plaintiff seeks to impose a restrictive covenant. Absent any factual support for Defendants' claim that Plaintiff is seeking a restrictive covenant, the Court cannot find that Plaintiff filed this lawsuit for the ulterior motive of imposing a restrictive covenant. The Court must grant Plaintiff's Motion to Dismiss. See Twombly, 550 U.S. at 555 (speculation not enough to survive motion to dismiss).

Defendants have failed to allege Plaintiff used process "to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he could not be compelled legally to do." Duvall, 86 S.W.3d at 85. The Defendants have failed to plead sufficient facts to support their

contention that Plaintiff was motivated by the alleged purposes. Furthermore, the purposes that Defendants allege would not rise to the level of abuse of process. Thus, even if the Court accepts all of Defendants' claims as true, Defendants have failed to state a claim for abuse of process.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. No. 40) is **GRANTED**.

Dated this 16th day of November, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE