## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

**LASCO FOODS, INC.,**

       **Plaintiff,**

      **vs.**

       **CASE NO.: 4:08-cv-01683 JCH**

**HALL AND SHAW SALES, MARKETING & CONSULTING LLC, CHARLES R. SHAW, AND RONALD N. HALL,**

       **Defendants.**

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Lasco Foods, Inc. ("Lasco") and Defendants reached a settlement agreement of this lawsuit on March 12, 2010. Defendant Shaw has already signed the settlement agreement. The parties have even already filed the Consent Judgment attached to the settlement agreement. Unfortunately, Plaintiff has been forced to waste time and money over the past two months because Defendant Ronald Hall, who cannot dispute that the parties reached an agreement, simply refuses to sign it.

On countless occasions, Defendants' counsel has apologized that the settlement agreement had not been signed by Mr. Hall and assured that it was coming. Indeed, back in April, Defendants' counsel stated that he thought it had already been signed by Mr. Hall and that we were all finished. However, as of the filing of this Motion, Defendants have not provided Plaintiff's counsel with an executed copy of the Agreement. Accordingly, Plaintiff now seeks an order enforcing the agreement, and ordering Mr. Hall to pay Lasco the attorneys' fees it has incurred in having to file this Motion.

## I.      Background

Lasco is a manufacturer of high quality food products, including beverage mixes, cocktail mixes, desserts, gravy and sauce mixes, soup bases, seasonings and salad dressings, which are sold to restaurants and other food service companies.   Defendants Shaw and Hall sold Lasco's food products when they were employed by Lasco.   Lasco filed this lawsuit against Defendants after discovering that Defendants had engaged in numerous acts of misconduct, including misappropriating Lasco's trade secrets.   Throughout this litigation, the parties engaged in extensive discovery and motion practice, and made numerous attempts to settle the case.

The facts surrounding the settlement of this case are set forth in the Declaration of Rodney Harrison, Lasco's counsel, attached hereto as Exhibit A.   As set forth therein, the parties reached a settlement of this case, agreeing upon all material terms, on March 12, 2010.   These terms were incorporated into a written Settlement Agreement and Consent Judgment, which were completely finalized and approved by all parties in early April 2010.   Harrison Dec., ¶ 8-12. Defendant Charles Shaw has executed the agreement and the parties have jointly filed the Consent Judgment, which has already been entered by the Court.   Harrison Dec., ¶ 13-18. However, Defendant Hall refuses to execute the settlement agreement even though he approved the agreement over a month ago and agreed to its terms -  a fact his attorneys have repeatedly acknowledged. Harrison Dec., ¶ 19-20.

## II.     Legal Argument

It is well-settled that this court "has the inherent power to enforce a settlement agreement entered into by the parties in a pending case."  McClaskey v. LaPlata R-II School Dist., 2006 WL 3803686, *8 (E.D.Mo. Nov. 7, 2006) (citing Caleshu v. Merrill Lynch, 737 F. Supp. 1070, 1086 (E.D. Mo. 1990), aff'd, 985 F.2d 564 (8th Cir. 1991)). Further, "[s]ettlement agreements

are favored by the courts." Id. (citing Sheng v. Starkey Labs, Inc., 117 F.3d 1081, 1083 (8th Cir. 1997)); see also Kenner v. City of Richmond Heights, Mo., 356 F.Supp.2d 1002, 1007-08 (E.D.Mo.2005), aff'd, 2006 WL 2620645 (8th Cir. Sept. 14, 2006).

A settlement agreement is enforceable when the parties "have reached agreement on the essential terms of the deal" even though they "have left some details for counsel to work out through further negotiation." McClaskey, 2006 WL 3803686 at *8 (citing Sheng, 117 F.3d at 1083); see also Worthy v. McKesson Corp., 756 F.2d 1370, 1374 (8th Cir. 1985) (quoting Trnka v. Elanco Prods. Co., 709 F.2d 1223, 1226 n.2 (8th Cir. 1983)). And a settlement agreement need not be reduced to writing to be enforceable, again, so long as the parties reach agreement on the essential terms. See Caleshu, 737 F. Supp. at 1086. To determine whether the parties reached an agreement on the essential terms of a deal, "a court must consider the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities." McClaskey, 2006 WL 3803686 at *8 (citing Caleshu, 737 F.Supp. at 1086). Courts should "enforce such agreements absent a strong showing that such agreements should not be enforced." Sheng v. Starkey Laboratories, Inc., 1994 WL 497964, *1 (D. Minn. May 17, 1994), rev'd on other grounds, 53 F.3d 192 (8th Cir. 1995) (citing Justine Realty Co. v. American Nat'l Can. Co., 976 F.2d 385, 391 (8th Cir. 1992)).

In this case, there can be no question that Lasco and Defendants reached an agreement on every term of the settlement deal. The parties agreed on the exact language of the Settlement Agreement and the Consent Judgment to be filed with the Court. The parties have filed the Consent Judgment, which has been entered by the Court. Mr. Shaw has already signed the settlement agreement. Only Mr. Hall – who agreed to the terms of the agreement and has

already approved the filing of the Consent Judgment – now refused to sign it.[1]   t is expected that Defendants' counsel will admit that the parties reached a settlement agreement, and that the only issue is one of their client's sudden refusal to sign the agreement.

For these reasons, and as stated in the attached Declaration of Mr. Harrison, Plaintiff respectfully requests that the Court grant Plaintiff's Motion, and order Mr. Hall to execute the Settlement Agreement attached to Plaintiff's Motion as Exhibit A.   In addition, Plaintiff request that the Court award Plaintiff its reasonable costs and fees in having to file this Motion.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:/s/ Rodney A. Harrison
   Burton D. Garland, Jr.          MBE # 82115
   Rodney A. Harrison             MBE # 83160
   Nathan J. Plumb                MBE # 507345
   7700 Bonhomme Ave, Suite 650
   St. Louis, Missouri 63105
   (314) 802-3953 *telephone*
   (314) 802-3936 *facsimile*

   Attorneys for Plaintiff

---

[1]      Plaintiff can only assume that Mr. Hall is refusing to sign the agreement because he has violated its terms.   In practical terms, apart from the releases, the Settlement Agreement primarily served the function of covering the period of time between its effective date – March 12, 2010 – until the time the Court entered the Consent Judgment.   Specifically, recognizing that the Consent Judgment would only operate to preclude Mr. Hall and Mr. Shaw from engaging in certain conduct from the date it was entered, the parties agreed in the Settlement Agreement to cover the period of March 12, 2010 through the date of entry of the Consent Judgment (*e.g.*, April 27, 2010).   Plaintiff suspects that, between March 12, 2010 and April 27, 2010, Mr. Hall engaged in conduct that violates the terms of the Settlement Agreement.   Specifically, Plaintiff has recently been made aware that, between March 12 and April 27, 2010 Mr. Hall called on at least one customer on the restricted customer list to sell dry margarita mix.   While such conduct would not be contempt of the Consent Judgment, it would constitute a clear breach of the settlement agreement.    Plaintiff is currently investigating these reports, and will take action if it is confirmed that Mr. Hall violated the terms of the settlement agreement between March 12, 2010 and April 27, 2010.

## CERTIFICATE OF SERVICE

I hereby certify that I have on May 18, 2010, served a true and correct copy of the foregoing via the Court's Electronic Case Filing ("ECF") System:

Brain McGovern
McCarthy, Leonard, Kaemmerer
Owen, McGovern, Striler & Menghini, L.C.
400 South Woods Mill Road, Suite 250
Chesterfield, Missouri 63017

/s/ Rodney A. Harrison

8489158.1 (OGLETREE)