UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LASCO FOODS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:08cv01683 JCH |
| vs. | ) | |
| | ) | |
| HALL AND SHAW SALES, | ) | |
| MARKETING & CONSULTING LLC, | ) | |
| CHARLES R. SHAW, AND RONALD N. | ) | |
| HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement ("Motion to Enforce") (Doc. No. 98) and Defendant Hall's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Motion to Set Aside") (Doc. No. 108). This matter is fully briefed and ready for disposition.[1]

## STANDARD OF REVIEW

A.   Motion to Enforce Settlement

"'The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous,' and in a diversity case, the settlement agreement is construed according to state law." Harper Enters. v. Aprilia World Serv. USA, Inc., 270 Fed. Appx. 458, 460 (8th Cir. 2008) (quoting Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999)). "A motion to enforce

---

[1]On July 2, 2010, Plaintiff filed a Reply Memorandum of Law in Support of its Motion to Enforce Settlement Agreement ("Reply"). (Doc. No. 110). Plaintiff treated Defendant Hall's Motion to Set Aside as if it were a response to its Motion to Enforce. To date, neither party has filed additional briefing on these motions.

1

a settlement adds to the underlying case a collateral action seeking specific performance of the agreement." Eaton v. Mallinckrodt, Inc., 224 S.W.3d 596, 599 (Mo. 2007) (citing Landmark Bank v. First Nat. Bank in Madison, 738 S.W.2d 922, 923 (Mo. Ct. App. 1987)).  The moving party must establish the existence of an agreement "by clear, convincing and satisfactory evidence."  Id. "Additionally, in Missouri, the party attacking a release or settlement 'bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.'" Harper Enters., 270 Fed. Appx. at 460 (citing Cameron v. Norfolk & W. Ry., 891 S.W.2d 495, 499 (Mo. Ct. App. 1994)).

      B.      Motion to Set Aside

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment. Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1050 (8th Cir. 2010).  Under Fed.R.Civ.P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  "Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court[.]" Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (citing Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir. 1986)).  "Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion."  Harris v. Potter, No. 4:08-CV-1191, 2009 U.S. Dist. LEXIS 35580, at *4 (E.D. Mo. Apr. 20, 2009) (citing Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072, 105 S. Ct. 565, 83 L. Ed. 2d 506 (1984)).

**DISCUSSION**

The parties filed a Joint Motion for Entry of Consent Judgment on April 21, 2010.  (Doc. No. 93).  The Court ultimately entered this Consent Judgment, including the attached Customer List.

2

(Doc. Nos. 94, 97).[2] The Consent Judgment and the Customer List precluded Plaintiff from soliciting to sell dry cocktail mixes to several entities, including Cyclone Anayas. (Id.) To date, Defendant Hall has not signed the Settlement Agreement. Plaintiff filed a Motion to Enforce so that the Court would order Defendant Hall to execute the Settlement Agreement.

The parties generally agree to the following facts. On March 23, 2010, Rodney Harrison, Lasco's counsel, sent the Settlement Agreement and proposed Consent Judgment, including the Customer List, to Bryan Kaemmerer, Defendants' counsel. (Plaintiff's Exhibit 3).[3] On March 29, 2010, Kaemmerer sent Harrison a redline version of the Consent Judgment and Customer List, which deleted some customers, including Cyclone Anayas, from the Customer List. (Plaintiff's Exhibit 4). On March 30, 2010, Harrison sent Kaemmerer a revised copy of the Consent Judgment; the customers on the Customer List that Defendants requested be deleted still were removed. (Plaintiff's Exhibit 5). Harrison claims he mistakenly failed to reject Defendants' changes to the Customer List, and he notified Kaemmerer via telephone that Plaintiff rejected any deletions to the Customer List. (Reply, pp. 4-5). On April 1, 2010, Harrison sent Kaemmerer another revised version of the Consent Judgment and Exhibit A that restored the original customer list. (Plaintiff's Exhibit 6). Thereafter, all of the customers were included in Customer Lists exchanged between the parties, including the version that was ultimately filed with the Court. (Plaintiff's Exhibits 6, 8, 9, 12).

In his Motion to Set Aside, Defendant Hall claims that he did not authorize the settlement at issue because he disagreed with the list of customers he was precluded from soliciting. Hall claims

---

[2]Exhibit A to the Consent Judgment included the Customer List that Hall could not solicit pursuant to the parties' agreement. In their briefing, the parties refer interchangeably to the "Customer List" and "Exhibit A".

[3]The exhibits are from the hearing before this Court on June 21, 2010 and June 23, 2010.

3

that the parties never had a "meeting of the minds" regarding the list of entities to be included on Exhibit A to the Consent Judgment. (Defendant Hall's Memorandum (i) in Support of His Motion to Vacate Judgment and (ii) in Opposition to Plaintiff's Motion for Enforcement of Settlement ("Memorandum"), Doc. No. 109, p. 2). Hall claims that "he did not, and will not, agree to any resolution of this case which includes Plaintiff Lasco's version of Exhibit A." (Id., p. 3). Hall claims that he agreed to the settlement only if certain customers were excluded from the Customer List. Hall also claims that he understood that Lasco had agreed to exclude those customers and that he would not have agreed to the settlement if those customers were included in the Customer List.

The Court finds that the parties had a valid and enforceable Settlement Agreement, particularly as evidenced by Defendant Hall's actions. Hall's behavior indicates that he agreed to and understood that all of the customers were included in the Customer List filed as part of the Consent Judgment. Hall's behavior indicates that he understood that, under the terms of the Consent Judgment and the Customer List, he was precluded from soliciting Cyclone Anayas. Hall, however, testified before this Court that he indirectly solicited, i.e., had another salesperson solicit on his behalf, Cyclone Anayas. Hall testified that he solicited Cyclone Anayas indirectly because he did not want to breach the Consent Judgment. If Hall believed that he had agreed to the Consent Judgment and Customer List that deleted Cyclone Anayas, then he would have solicited Cyclone Anayas directly because he would not have been restricted from soliciting it. Accordingly, the Court finds that Hall's actions indicate that he agreed to the Consent Judgment, as filed with this Court on April 24, 2010 and April 27, 2010. (Doc. Nos. 94, 97).

Defendant Hall relies on Surety Ins. Co. v. Williams, 729 F.2d 581 (8th Cir. 1984) to support his claim that this Court should grant his request for relief under Fed.R.Civ.P. 60(b). (Memorandum,

4

p. 3). In that case, the Williamses claimed that their attorney lacked authority to agree to the settlement. Based on this claim, the Eighth Circuit reversed and remanded the district court's denial of the motion to vacate judgment. Williams, 729 F.2d at 582-83 (citing Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir. 1979) ("Although an attorney is presumed to possess authority to act on behalf of the client, 'a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.'"). The Eighth Circuit held that "[b]ecause the motion to vacate the judgment stated a claim cognizable under rule 60(b), the district court abused its discretion in summarily denying the motion without any type of evidentiary hearing." Id. at 583. The Eighth Circuit remanded the case for further proceedings.

Williams is inapposite to the present case. Here, the parties were afforded an evidentiary hearing regarding the Motion to Enforce and the Motion to Vacate. Based upon the evidence presented, the Court determines that Hall's counsel had authority to enter into the Consent Judgment and that Hall agreed to the terms contained therein. The Court finds that Defendant Hall agreed to the Consent Judgment, including the Customer List and grants Lasco's Motion to Enforce.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 98) is **GRANTED**.

**IT IS FURTHER ORDERED** Defendant Hall's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 108) is **DENIED**.

Dated this 23rd day of July, 2010.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE

6