UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASCO FOODS, INC. | ) |
| | ) |
|     Plaintiff, | )    Case No. 4:08cv01683 JCH |
| vs. | ) |
| | ) |
| HALL AND SHAW SALES, | ) |
| MARKETING & CONSULTING LLC, | ) |
| CHARLES R. SHAW, AND RONALD N. | ) |
| HALL, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Lasco Foods, Inc.'s Motion for Contempt of Court Order ("Motion") (ECF No. 128). The Court held a hearing on Plaintiff's Motion, which is ready for review.[1]

## DISCUSSION

On April 26, 2010, the Court entered a Judgment and Order Entering Injunction Upon Stipulation of the Parties ("Consent Judgment"). (ECF No. 94). The Consent Judgment precluded defendants[2] from soliciting or selling dry cocktail mixes to several Lasco customers. (ECF Nos. 94, ¶5, 97).[3] It also enjoined defendants from selling any dry cocktail mixes that were created from or

---

[1] The two-day hearing occurred on May 12, 2011 and August 11, 2011 (ECF Nos. 132 and 143).

[2] The Consent Judgment applies to Hall and Shaw Sales, Marketing & Consulting, Charles R. Shaw, and Ronald N. Hall, but the current Motion is against only Hall.

[3] Exhibit A, which is filed under seal as ECF No. 97, includes the list of customers ("Customer List") that Hall could not solicit pursuant to the parties' agreement.

1

modified using Lasco formula or Lasco confidential information. (ECF No. 94, ¶8). The Consent Judgment provides a procedure for defendants to submit samples of dry cocktail mix to Lasco for testing, prior to defendants attempting to sell dry cocktail mix. (Id.). On July 23, 2010, this Court granted Plaintiff's Motion to Enforce the Settlement Agreement against Hall. (ECF No. 111).

In the current Motion, Plaintiff asserts that Hall has breached the Consent Judgment by soliciting a customer from the Customer List, Los Cucos, and by failing to submit samples of dry cocktail mix to Lasco for testing. At the hearing, Plaintiff provided the testimony of Victor Gilpin, vice president of purchasing for Lasco, Peggy Lawrence, southwest regional manager for Lasco, and Maureen Wegner, vice president of finance for Lasco. Mr. Gilpin testified that he was aware that Hall was soliciting Lasco's customers through his discussions with Ms. Lawrence. Ms. Lawrence testified that she had a conversation with Sergio Carbrera, director of operations for Los Cucos, regarding Hall's solicitation of Los Cucos's business. Ms. Lawrence said that Mr. Carbrera told her that Hall had provided dry cocktail mix samples and offered to sell dry cocktail mix that was similar to Lasco's product but cost less. Ms. Lawrence and Ms. Wegner testified that as a result of Hall's actions, Lasco had to discount its dry margarita mix by three dollars ($3.00) per case. Ms. Wegner also testified that Lasco had lost two thousand dollars ($2,000) due to the discount it provided to Los Cucos as a result of Hall's actions.[4]

Notably absent from Plaintiff's case, however, is the testimony of Sergio Carbrera, or any

---

[4]In addition, Ms. Wegner provided an affidavit in support of the Motion. As with her hearing testimony, Ms. Wegner's affidavit contains hearsay statements that cannot support a finding of contempt. (ECF No. 129-1, ¶¶4-5, 11-13, 15). See also Postscript Enterprises v. Bridgeton, 905 F.2d 223, 226 (8th Cir. 1990)(affidavits not based upon personal knowledge could not support motion for summary judgment).

other person who can testify directly regarding Hall's actions and representations. Rather, Plaintiff provides the Court only with unsubstantiated hearsay testimony regarding what Hall allegedly told other people. Such testimony is not admissible to support Plaintiff's Motion. See Fed.R.Civ.P. 802. Mr. Gilpin, Ms. Lawrence and Ms. Wegner lack any personal knowledge regarding what Hall allegedly said to Mr. Carbrera. See Painters Dist. Council No. 2 v. Paragon Painting Co., LLC., 4:08CV1501, 2010 U.S. Dist. LEXIS 8966, at *26-27 (E.D. Mo. Feb. 3, 2010) (court struck an affidavit recounting an out-of-court statement made to the affiant who had no personal knowledge of the truth of the matters asserted). Likewise, Hall has not had the opportunity to cross-examine Mr. Carbrera and the Court has not been able to assess the veracity of his testimony. The Court has heard no testimony regarding what Hall directly told the customers and finds no exception to the hearsay rule. Fed.R.Civ.P. 803. The Court cannot rely on the hearsay testimony of Mr. Gilpin, Ms. Lawrence and Ms. Wegner. Accordingly, the Court denies Plaintiff's Motion.

The Court, however, notes that Hall has formed a corporation called Hall Food and Beverage. At the hearing, Hall indicated that he wanted to sell dry cocktail mixes and wanted to sell to Lasco's customers. The Court cautions Hall that he remains subject to the April 26, 2010 Consent Judgment that enjoins him from directly or indirectly selling certain dry cocktail mixes to the Lasco customers identified in Exhibit A to the Consent Judgment until March 15, 2012. (ECF No. 94, ¶5). Likewise, Hall is enjoined from selling any dry cocktail mixes that were created or modified using Lasco formula or Lasco confidential information. (Id., ¶8). Any violation of the Consent Judgment will result in the sanction of Hall by this Court, including but not limited to monetary fines.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Contempt of Court Order (ECF No. 128) is **DENIED**.

Dated this   12th    day of August, 2011.


                                        /s/Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE